UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| THOMAS GREGORY SHEA, | |
|---|---|
| Plaintiff, | |
| v. | 3:17-cv-00405-RCJ-CBC |
| MICHAEL HALEY et al., | **ORDER** |
| Defendants. | |

Plaintiff Thomas Shea submitted a Complaint attached to an application to proceed *in forma pauperis*. The Complaint listed several constitutional claims under 42 U.S.C. § 1983 against Washoe County Sheriff Michael Haley and the United States. Upon screening, the magistrate judge recommended granting the application, dismissing the United States with prejudice as immune, and dismissing the claims against Haley, with leave to amend the Sixth Amendment claim by September 28, 2018. The Court adopted the recommendations. Plaintiff did not amend but appealed, and the Court of Appeals dismissed for lack of jurisdiction.

Plaintiff has filed four motions. First, he asks the Court to settle the present case and Case No. 3:14-cv-354-MMD for $132 million. The Court cannot engage in settlement discussions between the parties. Second, Plaintiff "orders" the Court to provide an injunction, issue subpoenas, and file an amended complaint in the '354 Case. The Court cannot issue orders in another judge's case. Third, Plaintiff asks the Court for leave to amend all claims and to change venue to Las Vegas. The Court declines to reconsider the previous screening order, and there is no basis for a change of venue. Fourth, Plaintiff appears to request the Court issue an

1

order as to any motions pending before the notice of appeal was filed. As the present order disposes of all pending motions in the case, the fourth motion is moot.

Finally, the Court notes that Plaintiff has failed to comply with the order to file an amended complaint by September 28, 2018 and has therefore also failed to prosecute the case. District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

The Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir.

1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint by September 28, 2018 stated, "No further extensions of time will be granted." (Order 2:19, ECF No. 11).

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions (ECF Nos. 15, 19, 20) are DENIED, and the Motion (ECF No. 22) is DENIED as moot.

IT IS FURTHER ORDERED that the case is DISMISSED, and the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

DATED: This 7th day of November, 2018.

_____
ROBERT C. JONES
United States District Judge