UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS GREGORY SHEA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL HALEY et al.,<br><br>　　　　　　　　　Defendants. | 3:17-cv-00405-RCJ-CBC<br><br>**ORDER** |

Plaintiff Thomas Shea submitted a Request for Reconsideration or in the Later (Appeal)[sic] (ECF No. 32). The Plaintiff moves this Court to (1) reconsider this Court's prior order (ECF No. 26) dismissing the Plaintiff's case for want of prosecution for filing an Amended Complaint nearly one month late after two extensions of time were granted to the Plaintiff and (2) appeal this Court's prior order. This Court denies the Plaintiff's requests.

The Plaintiff does not cite to the rule for which he seeks his reconsideration, however, he provides two reasons for the Court to reconsider. First, the Plaintiff claims that there is new evidence (*see* Fed. R. Civ. P. 60(b)(2)), however, he does not specify what the evidence is, let alone how the evidence would affect the Court's dismissal for failure to comply with Court-ordered deadlines. Second, the Plaintiff claims that the Court erred in dismissing the complaint as a matter of law by miscalculating the date at which the Plaintiff could file an Amended Complaint. However, motions for reconsider are disfavored by the courts and are not the place for parties to relitigate arguments that were already before a court. *See Northwest Acceptance Corp. v. Lynnwood Equi*p., *Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). "[R]econsideration [is not] to be

used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003).

Third, although not raised by the Plaintiff, he could potentially argue that "excusable neglect" warrants relief from the Court's final judgment. Fed. R. Civ. P. 60(b)(1). The Ninth Circuit has provided four factors for this Court to consider in granting a motion for reconsideration based upon excusable neglect: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citations omitted). Here, there does not appear to be any prejudice to the Defendants. However, the length of delay was nearly a month after the Court granted two extensions of time, and the Plaintiff has not explained why he did not follow the Court-ordered deadline. Accordingly, the Court denies the Plaintiff's motion for reconsideration.

Lastly, the Plaintiff asks this Court to appeal its own decision. This Court is a United States District Court and cannot hear appeals from its prior decisions. Appeals from this Court must be filed with the Ninth Circuit Court of Appeals in accordance with the Federal Rules of Appellate Procedure. Thus, this Court denies the Plaintiff's motion to appeal.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion (ECF No. 32) is DENIED.

IT IS SO ORDERED.

DATED: This 18th day of April, 2019.

_____
ROBERT C. JONES
United States District Judge